# In the United States Court of Federal Claims

No. 15-843L
(Filed: January 26, 2018)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALEX BROOKS, JR. et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

Denial of Motion for Enlargement of Time; RCFC 6(b)(1); Dilatory Conduct; Improper Attempt to Shift Burden of Proof

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Before the court is plaintiffs' motion for a thirty-day enlargement of time to file a reply in support of their motion for partial summary judgment and response to defendant's cross-motion for partial summary judgment. As explained below, the court denies plaintiffs' motion.

## BACKGROUND

Plaintiffs in this Rails-to-Trails case filed a complaint on August 7, 2015, an amended complaint on September 18, 2015, and a second amended complaint on February 9, 2016. The parties subsequently engaged in extensive discussions concerning issues of title. Plaintiffs filed a third amended complaint on July 28, 2017, and then, on August 31, 2017, filed a motion for partial summary judgment, seeking to resolve issues of title in their favor with respect to 139 parcels of land. On October 10, 2017, defendant filed a response and cross-motion for partial summary judgment in which it conceded that plaintiffs are entitled to summary judgment with respect to 50 parcels of land, asserted that plaintiffs did not establish ownership of 12 parcels of land as of the date that the Notice of Interim Trail Use was issued (August 4, 2015), and contended that plaintiffs failed to establish a cognizable property interest with respect to at least 89 parcels of land. Per the court's August 23, 2017 order, plaintiffs' response to defendant's cross-motion was due by November 9, 2017. On November 7, 2017, the court granted plaintiffs' unopposed motion to enlarge the November 9, 2017 deadline to November 30, 2017.

On November 28, 2017, plaintiffs filed a motion requesting that the court stay the resolution of defendant's cross-motion for partial summary judgment with respect to the 89 parcels of land for which defendant disputed the existence of a cognizable property interest. Specifically, plaintiffs sought an additional two months "to allow time to conduct additional title

research, perform chains of title, and dismiss any claims for which the Plaintiffs do not dispute the government's motion for partial summary judgment." Defendant opposed plaintiffs' request in a November 29, 2017 response, explaining:

> Plaintiffs have had at least two years (since they filed their initial complaint) to conduct the necessary research to substantiate their takings claims. Nowhere in their motion do they provide a reason explaining why they did not conduct the necessary title research to support their claims <u>prior to filing the suit</u>, or why the last two years of litigation have been insufficient to perform the necessary chains of title to support their alleged ownership interest in the rail corridor. The United States should not be penalized for Plaintiffs' inadequate research, especially after expending substantial resources and time in reviewing hundreds of title documents, maps, surveys, and other documents related to Plaintiffs' claims, engaging in extensive negotiations with Plaintiffs that resulted in a number of joint stipulations and resolved most of the title disputes, responding to Plaintiffs' Cross-Motion, and consenting to Plaintiffs' extension requests. With cross-motions for summary judgment pending, and Plaintiffs urging judgment in their favor, it is well past time for Plaintiffs to ask for permission to conduct further research on the validity of their own claims. Plaintiffs' deficient title research is not one of the "rare circumstances" that would justify staying the briefing (and resolution) of the United States' partial cross-motion on title issues. . . . Plaintiffs have not provided any reason justifying a deviation from the briefing schedule that the parties agreed to and the Court adopted. Plaintiffs cannot change the briefing schedule and request stay of the proceeding after discovering that their claims are deficient.

In a November 30, 2017 order, the court noted found that defendant "made a compelling argument to defeat plaintiffs' motion." However, "to ensure that plaintiffs have their day in court," it "reluctantly" granted plaintiffs' request for an additional two months to respond to defendant's cross-motion for partial summary judgment. The court directed plaintiffs to file their reply in support of their motion for partial summary judgment and response to defendant's cross-motion by January 31, 2018.

Despite being made aware that the court found compelling defendant's argument against allowing plaintiffs additional time to conduct title research regarding their own claims well after such research should have been conducted, plaintiffs, on January 24, 2018, filed another motion to enlarge the time to respond to defendant's cross-motion for partial summary judgment. Plaintiffs represent that they (1) "have been working diligently to research, address, and resolve the government's title disputes"; (2) "have requested chains of title, retained a title examiner, and obtained additional deed and mapping documents"; and (3) "[on December 22, 2017,] . . . sent the government a series of requests to admit, interrogatory requests, and requests for production of documents seeking to narrow the factual title issues in dispute." Further, with respect to the discovery requests, plaintiffs represent that (1) on January 22, 2018, "the government provided

its response . . . , including almost 125 pages of detailed objections and refusals to provide full and complete responses"; (2) they "provided the government with a meet and confer letter [on January 23, 2017,] seeking to resolve the numerous objections raised by the government"; and (3) they "are hopeful they can resolve these discovery disputes without requiring the Court's intervention."  In light of these representations, plaintiffs request an additional thirty days–until March 2, 2018–to file their response to defendant's cross-motion, contending that the additional time will allow the parties to resolve the discovery issues and further narrow the factual issues in dispute.

On January 25, 2018, defendant filed a response in opposition to plaintiffs' request for an enlargement of time, reiterating its earlier objections to allowing plaintiffs additional time to conduct title research regarding their own claims, and further contending:

> Plaintiffs' attempt to blame the United States for this extension request has no merit. . . .  Plaintiffs improperly attempted to shift the burden of proof to the United States by serving the United States with almost 500 pages of discovery requests and supporting materials, including 148 exhibits, on December 22, 2017, being fully aware that the United States' responses would be due a few days before their January 31, 2018 deadline.

With respect to its responses to plaintiffs' discovery requests, defendant explained that it

> timely responded to Plaintiffs' discovery requests, asserting a number of legitimate objections, including the fact that Plaintiffs' requests sought information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, and that the requests sought to improperly shift the burden of proof to the United States in contravention of well-settled law.

Defendant accordingly requests that the court deny plaintiffs' enlargement motion.  In addition, defendant requests that if the court grants plaintiffs' enlargement motion, it also enlarges the deadline for it to file a reply in support of its cross-motion to May 4, 2018.

## DISCUSSION

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), "the court may, for good cause, extend the time" to file briefs in support of motions for summary judgment.  RCFC 6(b)(1) should be liberally construed.  Loveladies Harbor, Inc. v. United States, 15 Cl. Ct. 375, 381 (1988).  Thus, although the rule "clearly gives" the court "both the authority to establish deadlines and the discretion to enforce them," Raymond v. Ameritech Corp., 442 F.3d 600, 605 (7th Cir. 2006); accord Sherrod v. Breitbart, 720 F.3d 932, 938 (D.C. Cir. 2013) ("Rule 6(b) gives district courts wide discretion to modify the time limits set forth in the rules."), a request for an enlargement of time "made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief

or prejudice to the adverse party,'" Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)); accord James Wm. Moore et al., Moore's Federal Practice § 6.06[2] (3d ed. 2012) ("The court generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions.").

A review of the procedural history of this case indicates that defendant is correct–plaintiffs are attempting to delay the resolution of defendant's cross-motion for partial summary judgment.  First, plaintiffs had ample time to conduct title research in support of their claims, both before they filed suit,[1] and in the twenty-three months before briefing on cross-motions for partial summary judgment commenced.  Second, plaintiffs do not explain why they waited until December 22, 2017, to serve a large discovery request on defendant.  Even if plaintiffs could be excused for not possessing the information necessary to respond to defendant's cross-motion at the time the cross-motion was filed, plaintiffs waited twenty-two days after the court granted their prior enlargement request to serve the discovery requests, knowing full well that the deadline for defendant to respond would fall nine days before their deadline to respond to defendant's cross-motion.

Third, a number of the requests for admissions promulgated by plaintiffs were, as defendant contends, unreasonably cumulative or duplicative–the parties had already agreed to stipulations that addressed the requests.  Fourth, in a significant number of their discovery requests, plaintiffs sought information and documents that were not in defendant's possession.  Rather, the information and documents, to the extent they existed, would be in the possession of local and state government agencies or plaintiffs themselves.  By requesting the information and documents from defendant rather than from the individuals or agencies possessing the information and documents, plaintiffs are improperly attempting to shift the burden of proving the existence of a cognizable property interest from themselves–where it belongs–to defendant.  See, e.g., BHL Props., LLC v. United States, No. 15-179L, 2017 WL 5618532, at *6 (Fed. Cl. Nov. 21, 2017) ("[I]t is [plaintiffs'] burden to prove [their] ownership of the land abutting the railway corridor; it is not the government's burden to disprove it.").

Ultimately, the court finds that plaintiffs have been less-than-diligent in marshaling the evidence necessary to establish the validity of their claims.  Moreover, plaintiffs' dilatory conduct has prejudiced defendant who, like plaintiffs, is entitled to a "just, speedy, and inexpensive determination" of this case.  RCFC 1.  Accordingly, the court concludes that plaintiffs have not established good cause for an enlargement of time.  Plaintiffs' enlargement motion is therefore **DENIED**.  Plaintiffs shall file a reply in support of their motion for partial

---

[1] Plaintiffs filed suit on September 18, 2015, less than two months after the Notice of Interim Trail Use was issued; plaintiffs therefore had more than five years remaining in the six-year limitations period.

summary judgment and response to defendant's cross-motion for partial summary judgment no later than **Wednesday, January 31, 2018**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney<br>
MARGARET M. SWEENEY<br>
Judge